FILED
UNITED STATES DISTRICT COURT
NEW MEXICO
JUN 23 2004
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated for Pretrial Purposes Only**

JOSEPH FRANCOMANO,

    Plaintiff,

vs.    No. CIV 03-1211 JP/RHS

UNIVERSITY OF NEW MEXICO et al.,

    Defendants.

================================

ELIZABETH CASSIDY,

    Plaintiff,

vs.    No. CIV 03-1212 RLP/LFG

THE UNIVERSITY OF NEW MEXICO et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO STAY DISCOVERY

THIS MATTER came before the Court on Defendant Vivian LaValley's Motion to Stay Discovery [Doc. 18]. LaValley requests a stay pending the Court's consideration and disposition of her motion to dismiss based on qualified immunity [Doc. 16]. Plaintiff Elizabeth Cassidy ("Cassidy") objects calling it "an extraordinary request" and "contrary to this Court's policy of open discovery . . . ." (Response, p.1).

The request is neither extraordinary nor contrary to Court policy. In fact, in prior cases where this issue has arisen, the Court stated that "because the law in this area is so clear, a response is unnecessary." Ransom v. Page, CIV 01-822 RLP/LFG [Doc. 25] (D.N.M. Sept. 27, 2001). When motions to dismiss or for summary judgment are based in part on absolute or qualified immunity,

discovery should be stayed. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982), Gallegos v. City and County of Denver, 984 F.2d 358 (10th Cir. 1993). Indeed, the United States Supreme Court in Harlow instructed lower courts that the purpose of the qualified immunity defense is to protect public officials performing discretionary functions from the burdens not only of trial, but discovery as well. Id. at 818-19. More recently, the United States Supreme Court reminded district courts and trial counsel that qualified immunity is not merely a defense to liability, rather, it is an entitlement not to stand trial or face the burdens of litigation. Saucier v. Katz, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001). *See* Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 3037-38 (1987). Thus, when qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination of the qualified immunity motion.

The Court acknowledges that a stay of discovery is not absolute and that a plaintiff may seek to obtain discovery to enable it to respond to the motion. However, a plaintiff who seeks discovery so as to respond to a pending motion is required to file a Fed. R. Civ. P. 56(f) affidavit indicating what discovery plaintiff seeks to undertake and how that discovery will assist in overcoming a defendant's *prima facie* showing of entitlement to summary judgment or objective reasonableness. It is insufficient for the plaintiff to simply request to take discovery or to argue that the motion to dismiss is premature.

In prior cases, this district has determined that the liberal applications of discovery should not be allowed to subvert the goals of Harlow or its progeny. Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir 1988); Lewis v. City of Fort Collins, 903 F.2d 753, 758 (10th Cir. 1990). Senior James A. Parker's analysis in Ulibarri v. Gazolas, CIV 92-1312 JP/LFG, slip. opinion (D.N.M. August 13, 1993)[Doc. 76] is illustrative of this point. Judge Parker stated:

2

> While it is clear that limited discovery on the issue of qualified immunity can proceed where motions for qualified immunity have been filed, Lewis, 903 F.2d 752 [Lewis v. City of Fort Collins], Lewis also makes clear that a plaintiff must come forward with a Rule 56(f) affidavit explaining how discovery will enable them to rebut a defendant's showing of objective reasonableness Lewis, 203 F.2d at 758, *quoting* Jones v. City & County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).
>
> * * *
>
> Even had Plaintiff made a proper 56(f) request, the Court's discretion in granting such a motion where qualified immunity is at issue is limited and the Plaintiff's burden of demonstrating the need for discovery is greater. *See* Lewis, 903 F.2d at 758. The limitation on Rule 56(f) requests in the context of motions premised on qualified immunity is based on the nature of qualified immunity itself. The Supreme Court has instructed that the purpose of the defense is to protect public officials performing discretionary duties from the burdens not only of trial but discovery as well [citations omitted]... In Jones v. City & County of Denver, the Tenth Circuit explained "Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits against government officials [should] be resolved prior to discovery and on summary judgment if possible. *Citing* Anderson v. Creighton, 483 U.S. 635, 640 n. 2 (1987) ... liberal application of Rule 56 should not be allowed to subvert the goals of Harlow and its progeny. Jones, 854 F.2d 1211; Lewis, 903 F.2d 758.

In this case, Cassidy's counsel has not submitted a Rule 56(f) affidavit. As earlier indicated, it is simply insufficient for a party to say the motion is premature or that discovery is not complete. Rather, the process outlined by Senior Judge Parker in Ulibarri v. Gazolas should have been followed. In this case, it was not.

The Court notes that the motion to dismiss is raised only by one named Defendant because Cassidy filed a Section 1983 claim. The decision to file both a Title VII and a 1983 claim was a

3

tactical move by Cassidy.[1] Having made a tactical decision to join the Title VII claim with the 1983 claim, Cassidy cannot now complain that the stay of discovery which is applicable for qualified immunity motions is somehow unfair or inappropriate in the present case.

For the reasons stated, the Court finds that Defendant's motion is well-taken and will be granted. All discovery, not just the discovery relating to Defendant LeValley, is stayed pending the Court's consideration and disposition of the pending motion to dismiss based on qualified immunity.

*Robert H. Scott*

ROBERT H. SCOTT
United States Magistrate Judge

---

[1] At the Rule 16 scheduling conference conducted in this case, the Court advised Cassidy's counsel that filing the same claim under two theories, Title VII and Section 1983, did little to advance Cassidy's case. At one time, prior to the amendments of Title VII which authorize punitive damages and a jury trial, filing a companion 1983 claim might have made sense. With the statutory modifications that give a plaintiff the right to seek punitive damages and obtain a jury trial under Title VII, there is little benefit in adding a companion 1983 case. To the contrary, 1983 gives the defendants an opportunity to raise qualified immunity as an affirmative defense, which would not have been available to defendants in a strict Title VII lawsuit.